IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRYAN ANGLE II,                      )
                                     )
        Plaintiff                    )        Case No. 1:21-cv-00252-RAL
                                     )
vs.                                  )
                                     )        HON. RICHARD A. LANZILLO
DR. MONTAG,                          )        UNITED STATES MAGISTRATE JUDGE
                                     )
        Defendant                    )

MEMORANDUM OPINION

I.      Introduction

Plaintiff Bryan Angle II (Angle) has filed an "objection to change of venue" (ECF No. 7),

which the Court construes as a motion to remand this case to the Court of Common Pleas of Forest

County, Pennsylvania.  For the following reasons, Angle's motion will be denied.[1]

II.     Background

Angle, an inmate in the custody of the Pennsylvania Department of Corrections (DOC),

commenced this action in the Court of Common Pleas of Forest County on November 12, 2020.

ECF No. 11, p. 1.  Angle's Complaint named a single Defendant, Dr. Montag (Montag), and

asserted claims under the "Constitution and laws of the United States" and Pennsylvania state law

based upon allegations that Montag provided Angle with inadequate dental care while he was

incarcerated at the DOC's State Correctional Institution at Forest (SCI-Forest).  ECF No. 1-1.  On

September 10, 2021, Montag filed a notice of removal to this Court based on its original federal

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all
proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.  ECF Nos. 10, 12.

question jurisdiction under 28 U.S.C. § 1331.[2]  ECF No. 1.  Montag's notice of removal recited that it had been filed "within 30 days after receipt of plaintiff's state court complaint by defendants, as required by 28 U.S.C. § 1446(b)."  *Id.*, ¶ 3.  Montag served the notice upon Angle by U.S. Mail in compliance with 28 U.S.C. § 1446(d).  ECF No. 1, p. 3.

Angle contends that removal from Pennsylvania state court to this federal court was improper because his "case contains state claims to which this Court does not have jurisdiction." ECF No. 7, ¶ 1.  Angle also appears to be arguing that Montag's removal of the case to this Court was procedurally improper because he did not seek removal by means of a motion.  *Id.*, ¶ 3.  Both arguments are without merit.

III.    Analysis

Montag removed this action pursuant to 28 U.S.C. §§ 1441 and 1446.  Section 1441 authorizes a defendant to remove a state court action to the district court embracing the place where the action is pending if the action is one over which the district courts of the United States would have original jurisdiction.  Section 1446 sets forth the procedural requirements for removal.  Under 28 U.S.C. § 1447(c), a removed action "may be remanded ... for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure."  *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993).  Removal statutes are strictly construed against removal and all doubts should be resolved in favor of remand.  *Boyer v. Snap-On Tools, Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Jurisdiction under § 1331 is analyzed under "the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only

---

[2] The notice also cited 28 U.S.C. § 1349, but this appears to be in error.  That provision states, "The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock."

when a federal question is presented on the face of the plaintiff's properly pleaded complaint."
*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-
13 (1936)).  Angle's Complaint expressly asserts claims under the Constitution and laws of the
United States.  ECF No. 1-1, ¶ 12.  More specifically, the Complaint alleges a violation of Angle's
rights under the Eighth Amendment to the U.S. Constitution based on deficient medical care.[3]  A
cause of action based on violations of federal law is authorized by 42 U.S.C. § 1983.  *Gunn v. Minton*,
568 U.S. 251, 257 (2013).  Accordingly, this district court has original jurisdiction of the case
pursuant to § 1441.

Angle contends that the Court must remand his case to state court because it includes a state
law claim, apparently one asserting professional negligence.  He is incorrect for two reasons.  First,
the inclusion of state law claims is irrelevant to the removal statute's jurisdictional analysis, which
only requires that one of the plaintiff's claims arise under federal law.  *See Wisconsin Dept. of Corr. v.
Schacht*, 524 U.S. 381, 386-87 (1998) ("We have suggested that the presence of even one claim
'arising under' federal law is sufficient to satisfy the requirement that the case be within the original
jurisdiction of the district court for removal.") (citing *Chicago v. Int'l College of Surgeons*, 522 U.S. 156,
163–66 (1997)).  Second, the Court may exercise supplemental jurisdiction over Angle's state law
professional negligence claim because it is so related to his Eighth Amendment claims as to form the
same case and controversy.[4]  28 U.S.C. § 1367.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).
Finally, Angle's assertion that Montag's removal of the action was procedurally improper because he
failed to request removal by way of a motion (*see* ECF No. 7, ¶ 3) is frivolous.  Section 1446, which

[3] In describing the nature of Angle's constitutional claim, the Court takes no position regarding its merits or the
sufficiency of the factual allegations of the Complaint to support it.

[4] Of course, the Court may ultimately decline to exercise supplemental jurisdiction over this state law claims if at a later
stage the Court "has dismissed all claims over which it has original jurisdiction."  *Lemmons v. Cty. of Erie Pa.*, 2020 WL
4041551, at *6 (W.D. Pa. July 17, 2020) (citing 28 U.S.C.A. § 1367(c)).  *See also Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir.
2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

dictates removal procedures, does not require leave of court or a motion before the filing of a notice of removal.

IV.     Conclusion

For the foregoing reasons, Angle's motion at ECF No. 7, construed as one to remand this action to state court, is DENIED.  A separate Order will issue.

Entered this 29th day of October, 2021.

HON. RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE