IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| BRYAN ANGLE, II, | ) | 1:21-cv-00252-RAL |
| | ) | |
| Plaintiff, | ) | RICHARD A. LANZILLO |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| vs. | ) | |
| | ) | |
| DR. MONTAG | ) | ECF NO. 16 |
| | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

I.      Introduction

        Plaintiff Bryan Angle II (Angle) has filed a Motion for Emergency Preliminary

Injunction (ECF No. 16) in which he requests that "this Court order Plaintiff to be permitted to

be evaluated by an 'outside' dentist/non-D.O.C. employed dentist and …that Plaintiff be

permitted assistance in the law library."  For the following reasons, Angle's motion will be

denied.


II.      Background

        Angle, an inmate in the custody of the Pennsylvania Department of Corrections (DOC),

commenced this action in the Court of Common Pleas of Forest County on November 12, 2020.

ECF No. 11, p. 1.  Angle's Complaint named a single Defendant, Dr. Montag (Montag).  The

Complaint alleged that Montag provided Angle with inadequate dental care while he was

incarcerated at the DOC's State Correctional Institution at Forest (SCI-Forest) in violation of his

constitutional rights and state law.  ECF No. 1-1.  Montag removed the action to this Court based

on its original federal question jurisdiction under 28 U.S.C. § 1331.  ECF No. 1.  The Parties

have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings

pursuant to 28 U.S.C. § 636(c)(1).  *See* ECF Nos. 10, 12.

Angle filed the instant Motion for Emergency Preliminary Injunction on December 29,

2021.  ECF No. 16.  The motion is short, stating in its entirety as follows:

1.  Plaintiff is a prisoner at S.C.A. Albion.

2.  Plaintiff cannot seek evaluation from a non-DOC employed
    dentist due to his incarceration.

3.  Plaintiff is a non-lawyer and has little knowledge of the law
    and is computer illiterate.

4.  S.C.I. Albion refuses to allow Plaintiff assistance in the Law
    Library.
    Wherefore Plaintiff respectfully requests that this Court order
    Plaintiff to be permitted to be evaluated by an "outside"
    dentist/non D.O.C. employed dentist and order that Plaintiff be
    permitted assistance in the Law Library in accordance with
    Johnson v. Avery.

*Id*.

III.    Discussion

Injunctive relief is an "extraordinary remedy which should be granted only in limited

circumstances."  *American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*,

42 F.3d 1421 (3d Cir. 1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motor Corp.*,

847 F.2d 100, 102 (3d Cir. 1988)).  The purpose of the preliminary injunction is to preserve the

status quo until the rights of the parties can be fairly and fully litigated and determined.  *Wetzel v.*

*Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).  In deciding whether to grant injunctive relief, the

Court considers four factors: (1) the likelihood that the applicant will prevail on the merits; (2)

the extent to which the movant is being irreparably harmed by the conduct complained of; (3) the

2

extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010). As the moving party, Angle bears the burden of producing evidence to support the first two factors. *Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). Absent support for either of the first two factors, a court must deny the request for a preliminary injunction. *Id.*; *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000). In the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Angle's motion fails for several reasons. First, he seeks relief that is wholly unmoored from the allegations and claims of his Complaint. The purpose of preliminary injunctive relief is to prevent irreparable injury pending resolution of the underlying claims on their merits, so "the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint." *James v. Varano*, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017). In other words, "there must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction." *Id.* (citing *Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010)). A request for injunctive relief must, therefore, be dismissed if "the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). Here, Angle's motion seeks a mandatory injunction commanding prison officials to provide him with additional resources to prosecute his case against Montag. His claim against Montag seeks

3

compensation based on allegedly inferior dental care and an injunction ordering additional dental care.  *See* ECF No. 1-1, p. 3.  These requests are not of the same character.  Indeed, Angle's lawsuit does not include any defendant against whom the Court could order compliance with the injunction he requests.

Second, Angle cannot show a likelihood of success on the merits of his Eighth Amendment deliberate indifference claim or irreparable harm based on his lack of an independent expert or assistance in the law library.  Although the court has broad discretion to appoint an independent expert under Rule 706 of the Federal Rules of Civil Procedure, "[t]he policy behind the rule is to promote the jury's factfinding ability."  *Ford v. Mercer Cty. Corr. Ctr.*, 171 Fed. Appx. 416, 420 (3d Cir.2006).  "The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance."  *Id*. (citation omitted).  "A trial judge does not abuse his discretion in declining to appoint an independent expert" if the requested expert is "solely to benefit a party who has otherwise failed to gather such evidence as would suffice to" prove his claims.  *Id*.  Likewise, Rule 706 is not intended to provide a *pro se* or indigent plaintiff with an expert witness to assist him in proving his case.  And there is no statutory authority for the Court to provide an indigent civil plaintiff with an expert witness at no cost.  *See Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (citing *United States v. Rogalsky*, 575 F.2d 457 (3d Cir. 1978)).  Here, Angle seeks the appointment of a dental expert solely for the benefit of his case against Montag, specifically, to evaluate and critique the dental treatment that he received from Montag.  The law provides him with no entitlement to such an appointment and there is no indication that an expert is necessary for the court's benefit.

Similarly, prisoners have no "freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).   Prisoners have a right of access to the courts, not to a law library or to legal assistance. *Mitchell v. Wydra*, 377 Fed. Appx. 143, 144–45 (3d Cir. 2010) (citing *Para–Professional Law Clinic at SCI–Graterford v. Beard*, 334 F.3d 301, 305 (3d Cir.2003); *Lewis*, 518 U.S. at 350).   To facilitate their right of court access prison authorities must afford prisoners *either* "adequate law libraries *or* adequate assistance from persons trained in the law".  *Id*. (emphasis supplied) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). "Prison authorities need not provide both of these, but must provide one or the other...." *DeMallory v. Cullen*, 855 F.2d 442, 446 (7th Cir.1988).  Angle's motion alleges that SCI-Albion "refuses to allow Plaintiff assistance in the Law Library" and, thus, he expressly acknowledges that he has access to a law library.  This is all the law requires.  Extra legal assistance is not required so long as a law library is available.  Thus, Angle has no legal right to either a court appointed dental expert or assistance in the law library.  Further, to the extent Angle's motion can be construed as a motion requesting the appointment of counsel, this request will be denied as premature.  *See Tabron v. Grace*, 6 F.3d 147, 153–60 (3d Cir. 1993).

Angle also has failed to show any irreparable or immediate harm.  The fact that Angle may have difficulty proving his case against Montag is not irreparable harm.  Procuring an expert and navigating a law library are challenges faced by all *pro se* litigants.  While Angle's incarceration may increase these challenges, it does not raise them to the level of irreparable harm.  *See Ward v. Aviles*, 2012 WL 2341499, at *2 (D.N.J. June 18, 2012) ("a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent 'actual injury' by hindering his efforts to pursue such a claim or defense.").  A preliminary injunction is not a vehicle "simply to eliminate the possibility of a remote future injury."

*Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). Here, Angle has asserted only routine challenges *pro se* plaintiffs face when pursing a lawsuit against a medical or dental professional.

Because the defects in Angle's request for injunctive relief appear on the face of his motion, no hearing is necessary. *See Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175-76 (3d Cir. 1990) (hearing on a motion for preliminary injunction is unnecessary if "the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm" or "if the movant is proceeding on a legal theory which cannot be sustained") (citations omitted).

IV.    Conclusion

Because Angle cannot establish the elements for preliminary injunctive relief, his motion at ECF No. 16 will be denied. An appropriate order follows

DATED this 7th day of January, 2022.


BY THE COURT:

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE