IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| BRYAN ANGLE, II, | ) |
| Plaintiff. | ) 1:21-cv-00252-RAL |
| vs. | ) RICHARD A. LANZILLO<br>) UNITED STATES MAGISTRATE JUDGE |
| DR. MONTAG, | ) |
| Defendant | ) ECF NO. 15 |

ORDER

Plaintiff Bryan Angle, II (Angle) filed a motion to compel the production of documents. ECF No. 15. For the following reasons, his motion is denied without prejudice.

Angle is an inmate in the custody of the Pennsylvania Department of Corrections (DOC) at its State Correctional Institution at Albion (SCI-Albion). His complaint asserted claims under the "Constitution and laws of the United States" and Pennsylvania state law based upon allegations that Defendant Dr. Montag provided inadequate dental care while Angle was incarcerated at the DOC's State Correctional Institution at Forest (SCI-Forest). Angle filed a one-page motion to compel on December 29, 2021. His motion asserts that he has requested documents from the Defendant "several" times but has received no answer. ECF No 15. His motion must be denied because he has failed to comply with three procedural requirements.

As a *pro se* incarcerated plaintiff, Angle has arguably met the requirement of Fed. R. Civ. P. 37(a)(1) that, before filing a motion to compel, he "attempted to confer" with the Defendant

1

by sending letters, although he has attached no separate "certification" to that effect as required by Rule 37. Another issue preventing the Court from providing Angle with relief is that a party has 30 days to respond in writing to a written request for documents under Fed. R. Civ. P. 34(b)(2)(A), but Angle's motion does not state the date or dates upon which he served his requests for documents. Finally, the Court's case management order reminds the parties that "the discovery process is governed by Federal Rules of Civil Procedure 26-37, 45, and the Court's Local Rules." ECF No. 17. Local Civil Rule 37.2 provides, "[a]ny discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37 shall include, in the motion itself or in an attached memorandum, a *verbatim recitation* of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." (emphasis added).[1] Angle's motion does not include this.

Even if Angle's motion was procedurally valid, some of his discovery requests also appear improper because they seek information beyond the scope of Fed. R. Civ. P. 26. Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." "The moving party must demonstrate the relevance of the information sought to a particular claim or defense." *Montanez v. Tritt*, 2016 WL 3035310, at *2 (M.D. Pa. May 26, 2016). While the scope of discovery is broad, *see Sears v. Mooney*, 2018 WL 5841971, at *3

---

[1] The Court's Local Rules are available online on the Court's website: https://www.pawd.uscourts.gov/sites/pawd/files/lrmanual20181101.pdf. *See also* General Practice Procedures, United States Magistrate Judge Richard A. Lanzillo, available at: https://www.pawd.uscourts.gov/sites/pawd/files/Lanzillo_General_Practice_Procedures_April_21.pdf.

(M.D. Pa. Nov. 8, 2018), a "valid claim[ ] of relevance or privilege" operates to restrict a court's otherwise broad discretion. *McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

Angle's request for his "complete prison record" is overly broad in both time and scope. ECF No. 15. This is also true of his request for "any and all medical records" from SCI-Forest and SCI-Albion. Angle may well be able to limit the scope of this request to comply with applicable rules, but in its present form, it is clearly objectionable. His request for "any other complaints about or on the defendant" is also a "sweeping, generalized and overly broad discovery request[ ]." *See Mercaldo v. Wetzel*, 2016 WL5851958, at *4 (M.D. Pa. Oct. 6, 2016) (collecting cases regarding records of complaints or misconducts). Angle's request for written statements or reports about his dental care produced at either SCI-Forest (where the inadequate care allegedly took place) or SCI-Albion (his current prison) appear to be facially valid, relevant requests. Angle's request for "any and all rules, regulations, and policies about dental treatment of prisoners" also appears to be relevant, but the Court takes no position on potential confidentiality issues or other possible objections to disclosure on such a limited record.

For these reasons, Angle's motion to compel production of documents at ECF No. 15 is denied without prejudice. Angle may serve discovery requests on the Defendant as explained in this Court's case management order at ECF No. 17 and this Court's Local Rules.

DATED this 16th day of January, 2022.

BY THE COURT:

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE