IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| BRYAN ANGLE, II, ) | 1:21-cv-00252-RAL |
| ) | |
| Plaintiff ) | RICHARD A. LANZILLO |
| ) | UNITED STATES MAGISTRATE JUDGE |
| vs. ) | |
| ) | ECF NO. 29 |
| DR. MONTAG, ) | |
| ) | |
| Defendant ) | |

MEMORANDUM OPINION

I.   Introduction

Plaintiff Bryan Angle, II (Angle) has filed a motion for preliminary injunction (ECF No. 29) seeking "an order for Plaintiff to receive adequate dental treatment." For the following reasons, Angle's motion is DENIED.

II.   Background

Angle, an inmate in the custody of the Pennsylvania Department of Corrections (DOC) at its State Correctional Institution at Fayette (SCI-Fayette), commenced this action in the Court of Common Pleas of Forest County on November 12, 2020. ECF No. 11, p. 1. Angle's Complaint named a single Defendant, Dr. Montag (Montag). The Complaint alleged that Montag provided Angle with inadequate dental care while he was incarcerated at the DOC's State Correctional Institution at Forest (SCI-Forest) in violation of his constitutional rights and state law. ECF No. 1-1. Montag removed the action to this Court based on its original federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1. The parties have consented to the jurisdiction of a United

1

States Magistrate Judge to conduct all proceedings pursuant to 28 U.S.C. § 636(c)(1). *See* ECF Nos. 10, 12.

Angle filed the instant motion for preliminary injunction on March 9, 2022. ECF No. 29. The motion is short, stating in its entirety as follows:

1. Plaintiff had his wisdom tooth drilled and a filling put in.

2. Said filling fell out.

3. 3 years later Plaintiff still has not received treatment on said exposed drilled tooth.

4. This is causing Plaintiff excruciating pain.

5. The only thing that the dentist will do is prescribe Tylenol.

   Wherefore Plaintiff respectfully requests that this Court grant an order for Plaintiff to receive adequate dental treatment.

*Id.* Montag responded, arguing that Angle's motion does not support injunctive relief and should be denied. ECF No. 31. The Court conducted an evidentiary hearing and heard argument on Angle's motion on April 19, 2022.

III.   Discussion

Injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." *American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motor Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)). The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). In deciding whether to grant injunctive relief, the Court considers four factors: (1) the likelihood that the applicant will prevail on the merits; (2)

the extent to which the movant is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *See Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010). As the moving party, Angle bears the burden of producing evidence to support the first two factors. *Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). Absent support for either of the first two factors, a court must deny the request for a preliminary injunction. *Id.*; *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000). In the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). To succeed on his deliberate indifference claim, Angle must demonstrate (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). *See also Estelle v. Gamble,* 429 U.S. 97, 104 (1976) (Deliberate indifference to a prisoner's serious medical need involves the "unnecessary and wanton infliction of pain" and violates the Eighth Amendment's prohibition of cruel and unusual punishment.).

Dr. Montag argues that Angle cannot demonstrate a likelihood of success on the merits or that he will suffer irreparable harm without the preliminary injunction. ECF No. 31, p. 1. He adds that Angle's equitable claim against him is moot because the DOC transferred him from SCI-Forest (where the events of the complaint took place and Dr. Montag worked) to SCI-Albion and, later, to SCI-Fayette. *Id.*, p. 3. Moreover, Montag argues the Court cannot issue a

preliminary injunction against any official at SCI-Fayette (Angle's current prison) because no person associated with that institution is a party to Angle's current lawsuit. *Id.*, p. 4.

The Court agrees that Angle's request for a preliminary injunction against Dr. Montag is moot. At the outset, "[a]n inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003). In addition, there is no evidence that Dr. Montag also provides dental care to inmates at Angle's current institution, SCI-Fayette. "Because [Angle] has been transferred from the facility at which the named defendant[ ] oversaw his medical care, he can demonstrate neither likelihood of success on the merits of his claim for prospective injunctive relief nor irreparable injury from the denial of preliminary injunctive relief, and therefore both are equally moot." *Miller v. Hartwell*, 834 Fed. Appx. 692, 694 (3d Cir. 2020). Thus, Angle's request for an injunction against Dr. Montag is denied.[1]

The Court also cannot grant Angle's motion against any individual at SCI-Fayette, his current institution. This would run afoul of the "general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996) (citing *Scott v. Donald*, 165 U.S. 107, 117 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit.")). "Moreover, once a court has issued an injunction against a party, that injunction may only be enforced against non-parties that are officers, agents, servants, employees, or attorneys of a party, or ones that are in active concert or participation with such non-parties or the party itself. To be bound by an injunction, a "non-party must have

---

[1] Dr. Montag is also not a public official within the scope of Federal Rule of Civil Procedure 25(d) such that the Court could substitute another public official for Dr. Montag for purposes of Angle's request for preliminary injunction.

4

constructively had his day in court." *Marshall v. Sobina*, 2014 WL 4437705, at *4 (W.D. Pa. Sept. 9, 2014) (denying prisoner's motion for preliminary injunction against non-parties; citing cases) (citing Fed. R. Civ. P. 65(d)(2); *Harris County, Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 314 (5th Cir. 1999)). What's more, the Court cannot grant a motion for preliminary injunction regarding his dental care at SCI-Fayette when Angle's complaint alleges inadequate dental treatment at SCI-Forest. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (rejecting injunctive relief where it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit") (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

IV. Conclusion

For these reasons, Angle's motion for preliminary injunction at ECF No. 29 is DENIED. A separate order follows.

DATED: April 19, 2022                    BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE