IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| BRYAN ANGLE II, | ) |
| | ) |
| Plaintiff | ) 1:21-CV-00252-RAL |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| DR. MONTAG, IN HIS INDIVIDUAL | ) Chief United States Magistrate Judge |
| AND OFFICIAL CAPACITY, | ) |
| | ) MEMORANDUM OPINION ON |
| | ) DEFENDANT'S MOTION FOR SUMMARY |
| Defendant | ) JUDGMENT |
| | ) |
| | ) IN RE: ECF NO. 41 |
| | ) |

## MEMORANDUM OPINION

### I. Introduction and Procedural History

Plaintiff Bryan Angle II ("Angle"), an inmate currently incarcerated at the State Correctional Institution ("SCI") at Fayette, commenced this *pro se* civil rights action in the Court of Common Pleas of Forest County, Pennsylvania, against Dr. Montag, a dentist who provided dental care to Angle during his prior incarceration at SCI-Forest. ECF No. 1-1. Angle's complaint alleges that the dental treatment Dr. Montag provided to him reflected deliberate indifference to his serious medical needs and thereby violated his rights under the Eighth Amendment to the United States Constitution. He seeks redress of this alleged violation under 42 U.S.C. § 1983. The complaint also asserts a dental malpractice claim under Pennsylvania state law against Dr. Montag. ECF No. 1-1. Dr. Montag removed the action to this Court pursuant to 28 U.S.C. § 1441 based on federal question subject matter jurisdiction conferred by 28 U.S.C. § 1331. ECF No. 1.

1

On July 20, 2022, Dr. Montag filed his pending motion for summary judgment. ECF No. 41. Pursuant to Local Rule 56(A), Montag's motion was accompanied by a brief (ECF No. 42), a concise statement of material facts (ECF No. 43), and an appendix containing the following exhibits: Ex. A, Dental Records 6.5.20 to Present (ECF No. 43-2); Ex. B, Record of Grievance No. 885445 (ECF No. 43-3); and Ex. C, Declaration of Helen Shambaugh (ECF No. 43-4). Thereafter, Angle filed a brief in opposition (ECF No. 55), responsive concise statement of material facts (ECF No. 54), an affidavit (ECF No. 54-1), and what the Court has construed as a supplemental opposition brief (ECF No. 48).[1] For the reasons that follow, Dr. Montag's motion for summary judgment will be GRANTED.

**II.     Statement of Facts**

Angle's Eighth Amendment deliberate indifference claim is based on dental treatment Montag provided to Angle at SCI-Forest. The material facts concerning that claim are summarized below. Disputed facts are noted.

In his complaint, Angle alleged that Dr. Montag filled cavities in two of his teeth, tooth 32 and tooth 22. ECF No. 1-1, ¶4. Angle does not say when each of the fillings was installed, but he does claim that Dr. Montag filled each tooth on "separate occasions" and that both fillings "fell out within weeks." ECF No. 54-1¶ 4. On May 15, 2020, Angle filed a grievance complaining that he had lost a tooth filling and requesting a dental check-up and replacement filling. *See* ECF No. 53-1 (Grievance No. 868875 Record). On June 4, 2020, an Initial Review Response to the grievance was issued advising that Angle would be scheduled for an

---

[1] Angle's supplement brief primarily complained about his limited ability respond to defendants' motion due to the circumstances of his incarceration. To the extent this and Angle's other submissions asserted factual matters and legal argument, the Court has considered them in its review of Defendant's motion.

2

appointment with Dr. Montag within the next two weeks. This appointment took place on the following day, June 5, 2020.

While the parties agree that Dr. Montag examined Angle's lost filling during that appointment, they disagree regarding the extent of the treatment Dr. Montag provided. Montag asserts that he "provided restorative treatment" to tooth 32 "by inserting a dental amalgam filling" and applied a desensitizer to tooth 22 because Angle had complained of its sensitivity. ECF No. 43, ¶ 2. Angle counters that Montag did not restore tooth 32 at this appointment. Instead, he contends that tooth 32 was restored by a different dentist and only after "this court asked Atturney [sic] Raymond to contact [Angle's] current institution and ask that [he] be treated." ECF No. 54, ¶ 2. Angle also disputes that Montag applied desensitizer, asserting that "Montag said he was going to order that desensitizer be applied but instead of ordering it he lied and said treatment was exicuted [sic]." *Id.*, ¶ 3. Angle has not seen Dr. Montag since his appointment on June 5, 2020.

On August 19, 2020, Angle filed Grievance No. 885445,[2] wherein he complained that another filing had fallen out and he was in pain. Defendants assert that he did not appeal this grievance to the final review with the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"); Angle avers that he did.

### III.   Standard of Review

Federal Rule of Civil Procedure 56(a) requires the court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is

---

[2] Dr. Montag asserts that this is the only grievance Angle filed related to this action. Angle argues that Grievance No. 868875 is also related. Both grievance records are properly before the Court. While Grievance No. 869975 relates to events that ultimately led him to the care provided by Dr. Montag on June 5, 2020, it does not speak to whether Dr. Montag acted with deliberate indifference to Angle's dental needs on that date. Grievance No. 869975 requested that Angle be seen for his lost filling. The grievance was upheld, and Angle was, in fact, seen by Dr. Montag well within the two weeks promised by the Initial Review Response. Accordingly, Grievance No. 868875 is immaterial to the pending motion for summary judgment.

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn from it in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond his pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Further, under Rule 56, a defendant may seek summary judgment by pointing to the absence of a genuine fact issue on one or more essential claim elements. The Rule mandates summary judgment if the plaintiff then fails to make a sufficient showing on each of those

elements. When Rule 56 shifts the burden of production to the nonmoving party, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. *See Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).

The court applies the foregoing standards no differently when reviewing cross-motions for summary judgment. *Lawrence v. City of Phila.*, 527 F.3d 299, 310 (3d Cir. 2008). "'Cross-motions are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.'" *Id.* (quoting *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir. 1968)). If review of cross-motions reveals no genuine issue of material fact, then judgment may be granted in favor of the party entitled to judgment in view of the law and undisputed facts. *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 302 (3d Cir. 1998) (citation omitted).

**IV.  Analysis**

Dr. Montag argues that he is entitled to summary judgment because Angle did not exhaust his administrative remedies as required by the Prisoner Litigation Reform Act of 1995("PLRA"), 42 U.S.C. § 1997e(a). Alternatively, he argues that Angle's Eighth Amendment claim fails because the record cannot support a finding that he acted with deliberate indifference to Angle's dental needs and that Angle's state law dental malpractice claim must be dismissed because he failed to file a certificate of merit.

    **a. Disputed issues of material fact preclude judgment in favor of Dr. Montag on his PLRA exhaustion defense.**

The PLRA requires a prisoner to exhaust any available administrative remedies before he may bring an action challenging the conditions of his confinement. *See* 42 U.S.C. § 1997e(a). The grievance system utilized in Pennsylvania's prison system requires inmates to satisfy a three-step grievance and appeals process. *See* Grievance System Policy DC ADM-804; *Smith v. Sec. of Pa. Dept. of Corrections*, 2018 WL 279363, at *2 (W.D. Pa. Jan. 3, 2018). First, the inmate must "legibly set forth all facts and identify all persons relevant to his claim in a grievance which will then be subject to 'initial review.'" *Smith*, 2018 WL 279363, at *2 (citing *Spruill v. Gillis*, 372 F.3d 218, 233 (3d Cir. 2004)). Second, if the inmate is dissatisfied with the initial review response ("IRR"), he must appeal to the Facility Administrator for a second level of review. *Id.* Finally, if he remains dissatisfied, he must file an appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). *Id.* All three stages of review must be completed before a grievance is deemed administratively exhausted for purposes of the PLRA.

Apropos to this case, however, "[t]he PLRA does not require exhaustion of all remedies. Rather, it requires exhaustion of such administrative remedies 'as are available.'" *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) (citing 42 U.S.C. § 1997e(a) and *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000)). The Supreme Court has set forth

> "three kinds of circumstances in which an administrative remedy, although officially on the books," is not "available" because it is "not capable of use to obtain relief": (1) when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when it is "so opaque that it becomes, practically speaking, incapable of use," such as when no ordinary prisoner can discern or navigate it; or (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Rinaldi v. United States*, 904 F.3d 257, 266–67 (3d Cir. 2018) (quoting *Ross v. Blake*, 578 U.S. 632, 654-45 (2016)). In these instances, a plaintiff's failure to exhaust is excused because prison

officials' conduct has rendered relief via the administrative process unavailable to them. *See Ross*, 578 U.S. at 644.

Dr. Montag argues that Angle failed to appeal the denial of Grievance No. 885445 to SOIGA and, thus, that he has not administratively exhausted his deliberate indifference claim. In support of this position, Montag has submitted copies of the documents related to Grievance No. 885445[3] and a declaration by SOIGA grievance officer Helen Shaumbaugh. Angle disputes the completeness of the grievance record submitted by Montag, arguing that he did completely exhaust Grievance No. 885445. To buttress his position, he asserts in his affidavit that he "appealed to superintendent Oberlander and . . . to Central Office Chief Grievance Coordinator" (SOIGA). ECF No. 54-1, ¶ 13.[4]

Failure to exhaust administrative remedies under the PLRA is an affirmative defense that a defendant must plead and prove. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). The record relating to Grievance No. 885445 includes conflicting evidence that precludes the entry of summary judgment in favor of Dr. Montag on his exhaustion defense. Upon review of the documents submitted by Montag, it appears, but is not certain, that Angle erroneously penned the appeal to the facility manager on an Initial Grievance Form instead of the correct Inmate Appeal

---

[3] The grievance record submitted by Montag consists of the following documents: Official Inmate Grievance Form submitted on August 19, 2020; Initial Level Extension issued on September 17, 2020; Initial Review Response ("IRR") issued on September 21, 2020; Official Inmate Grievance Form submitted on September 22, 2020; Facility Appeal Extension issued on October 20, 2020; Remand Grievance – Notice to Inmate issued on November 3, 2020; and Remanded Initial Review Response issued on November 24, 2020. ECF No. 43-3.

[4] In his affidavit, Angle also appears to argue that the administrative remedies were made unavailable to him because, although he appealed the IRR to the facility manager, he did not receive a copy of the facility manager's response, and because he did not receive a copy of the Remand Grievance – Notice to Inmate or the Remanded IRR. Angle hypothesizes that these omissions arose out of his being transferred to SCI-Albion after the IRR was issued, and "because staff figure [he] [wa]s no longer their concern and therefore need not to forward institutional mail." ECF No. 54-1, ¶ 11. Angle has not produced any evidence that he notified prison officials of these alleged missing documents, and his claim of not receiving these documents appears incompatible with is assertion that he exhausted his grievance through final appeal. His contradictory allegations fail to create a triable issue of material fact regarding his claim that administrative remedies were unavailable to him.

to the Facility Manager Form. *See* DC-ADM 804, Section 2(A)(1)(d)(6). It also appears, but is not certain, that the reviewing official treated this September 22, 2020 Official Inmate Grievance Form as an appeal to the facility manager despite the form error. And though Montag argues only that Montag failed to complete the third and final exhaustion requirement—the appeal of the Facility Manager's response—he has not included a copy of Angle's submitted Facility Manager appeal. What's more, while Shaumbaugh attests to the absence of any final appeal from the second level of review of Grievance No. 885445, she does not certify that these documents constitute a complete and accurate record of Angle's grievance proceedings. Absent such an attestation, and given Angle's affidavit asserting that he appealed the grievance through final review, the Court cannot hold as a matter of law that Angle failed to exhaust his administrative remedies. *See Sims v. Wexford Health Sources*, 2015 WL 4041771, at *5 (W.D. Pa. July 1, 2015), *aff'd*, 635 Fed. Appx. 16 (3d Cir. 2015) (DOC Defendants . . . .fail[ure] to authenticate [the copies of the grievance documents] with a sworn declaration certifying that they constitute a complete and accurate record of Plaintiff's grievance proceedings" precluded the court from "rely[ing] on such documents to definitively conclude that Plaintiff ha[d] failed to exhaust."); *Watkins v. Merriel*, 2015 WL 5722819, at *8–10 (D.N.J. Sept. 29, 2015) (finding that there were genuine issues of disputed facts regarding whether an inmate filed IRF appeals when there was "at least some record evidence suggesting that Plaintiff did not receive responses from prison officials related to some IRFs he submitted"); *Ortiz v. Hayman*, 2008 WL 1319203, at *4 (D.N.J. Apr. 10, 2008) (holding that summary judgment is inappropriate when there was a dispute of fact whether plaintiff actually submitted an IRF when the plaintiff claims he sent an IRF and the defendants claim they never received an IRF); *Ball v. Bower*, 2012 WL 1414827, at *3 (M.D. Pa. Mar. 22, 2012), *report and recommendation adopted*, 2012 WL 1414771 (M.D. Pa. Apr. 24,

8

2012) (collecting cases). Accordingly, the Court will deny Dr. Montag's motion for summary judgment to the extent it is based on Angle's alleged failure to exhaust his administrative remedies and proceed to address the motion as it relates to the merits of Angle's claim. *See Wilson v. Gromel*, 2023 WL 2088429, at *4 (M.D. Pa. Feb. 17, 2023) .

### b. The record is inadequate to support a finding that Dr. Montag acted with deliberate indifference to Angle's serious dental needs.

Angle claims that Dr. Montag was deliberately indifferent to his serious dental needs in violation of his Eighth Amendment rights. To establish such a violation, a plaintiff must demonstrate that: (1) he had a serious medical need, and (2) acts or omissions by prison officials that reflect deliberate indifference to that need. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists when a "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Additionally, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." *Young v. Kazmerski*, 266 Fed. Appx. 191, 193 (3d Cir. 2008) (quoting *Monmouth County Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346-47 (3d Cir. 1987). Deliberate indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

For purposes of Dr. Montag's motion for summary judgment, the record is sufficient to support a finding that Angle's dental condition constituted a serious medical. Angle's dental records support that he had a cavity and infection in tooth 32 and sensitivity in tooth 22 when he

9

presented to Dr. Montag on June 5, 2020. Angle attests that these conditions caused him to have trouble eating and sleeping. Courts have found similar conditions sufficient to support the existence of a serious medical need. *See Oke v. Biggins,* 2019 WL 6702142, at *3 (W.D. Pa. Nov. 15, 2019), *report and recommendation adopted,* 2019 WL 6701455 (W.D. Pa. Dec. 9, 2019) (plaintiff had cavity that caused him severe pain interfering with his ability to sleep, eat, and drink); *Nolen v. Tolnay,* 2020 WL 4736250, at *2 (W.D. Pa. Aug. 14, 2020) (decay of his remaining wisdom tooth constitutes a serious medical need); *Hunt v. Dental Dep't,* 865 F.2d 198, 200 (9th Cir. 1989) (dental condition that interfered with inmate plaintiff's ability to eat constituted a serious medical need).

In contrast to the existence of Angle's serious dental need, the record is inadequate to support a finding that Dr. Montag was deliberately indifferent to that need. Angle asserts that weeks after Dr. Montag filled two of his cavities "on separate occasions," the fillings fell out. *See* ECF 54-1. The parties agree that on June 5, 2020, Dr. Montag saw Angle specifically to address his missing filling in tooth 32. Angle's dental records memorialize that Dr. Montag filled Angle's tooth 32 and desensitized tooth 22. Angle's assertion in his unverified pleadings that Dr. Montag did neither is, as Defendants point out, "utterly unsupported by the record." ECF No. 47, p. 6. "A non-moving party may not successfully oppose a summary judgment motion by resting upon mere allegations or denials contained in the pleadings, or by simply reiterating those allegations or denials in an affidavit." *Van Horn v. Suhor Indus., Inc.,* 829 F. Supp. 2d 321, 325 (W.D. Pa. 2011) (citing *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990)). "Rather, the non-moving party must offer specific evidence found in the record that contradicts the evidence presented by the movant and indicates that there remain relevant factual disputes that must be resolved at trial." *Id.*

Angle's assertion is further belied by the records relating to dental care later provided to Angle by another dentist, Dr. Tolnay, at SCI-Albion. Dr. Tolnay recorded that he saw Angle on June 15, 2021, a little more than a year after his appointment with Dr. Montag, and that Angle had a bacterial infection involving tooth 32 and would be placed on the list for oral surgery to have the tooth extracted. Dr. Tolnay also recorded that Angle reported that his filling in tooth 32 had fallen out, thereby acknowledging that the cavity in that tooth had previously been filled. Furthermore, Dr, Tolnay recorded that Angle had decay in other teeth, including tooth 22. In his unverified opposition brief, Angle appears to argue that the infection and decay in tooth 32 are evidence that Dr. Montag did not fill tooth 32 at the appointment on June 5, 2020. The record supports no such inference. Rather, the record supports only that Dr. Montag examined and treated Angle on June 5, 2020, and that approximately one year later, Angle again experienced tooth decay and infection. Although Angle's assertions arguably raise questions regarding the overall quality of the dental care he received, the record is insufficient to support a finding that Dr. Montag was deliberately indifferent to Angle's dental needs. Angle's dissatisfaction with his treatment does not support a deliberate indifference claim. *Tillery v. Noel*, 2018 WL 3521212, at *5 (M.D. Pa. June 28, 2018) (collecting cases) ("an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim."). And allegations of Montag's negligent treatment likewise do not amount to deliberate indifference. *See Gillespie v. Hogan,* 182 Fed. Appx. 103, 105 (3d Cir. 2006) (dentist's failure to remove all of inmate's wisdom tooth, which caused tooth decay and resulted in oral surgery, amounted at most to negligence, not deliberate indifference); *id.* (citing *Estelle*, 429 U.S. 97) ("Allegations of negligent treatment are medical malpractice claims, not constitutional violation claims."); *Isenberg v. Prasse*, 433 F.2d 449 (3d Cir.1970) (rejecting claim that malpractice by

11

dentist while extracting teeth constitutes unconstitutional cruel and unusual punishment). Accordingly, Montag is entitled to summary judgment on Angle's Eighth Amendment deliberate indifference claim.

### c. Angle's state law dental malpractice claim cannot proceed without a certificate of merit.

Angle also asserts that Dr. Montag's dental care fell below the accepted standard of care and represents dental malpractice under Pennsylvania state law. To support such a claim, Angle must establish the following elements

> (1) the [medical professional] owed a duty to the patient; (2) the [medical professional] breached the duty; (3) the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient; and (4) the damages suffered by the patient were a direct result of that harm.

*Grant v. Pennsylvania Dep't of Corr.*, 2021 WL 4312451, at *12 (W.D. Pa. Aug. 6, 2021), *report and recommendation adopted*, 2021 WL 3828146 (W.D. Pa. Aug. 27, 2021) (quoting *Doe v. Hosp. of Univ. of Pa.*, 546 F. Supp. 3d 336 (E.D. Pa. 2021)).

Rule 1042.3 of the Pennsylvania Rules of Civil Procedure generally requires a plaintiff asserting a medical or professional malpractice claim to file a Certificate of Merit ("COM") for each defendant who is the subject of the claim either with the complaint or within 60 days thereafter. *See* 231 Pa. Code Rule 1042.3(a).[5] The COM must attest that there is a reasonable

---

[5] Rule 1042.3(a) of the Pennsylvania Rules of Civil Procedure states:
(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard . . . the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the . . . party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or . . .

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated

12

probability that the medical or other professional care described in the complaint fell outside of acceptable professional standards. The Third Circuit has held that Rule 1042.3 is substantive law that applies to professional malpractice claims based on Pennsylvania law that are asserted in federal court. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262-64 (3d Cir. 2011) (citing *Erie R.R. v. Thompkins*, 304 U.S. 64 (1983)). Thus, for purposes of a motion to dismiss or motion for summary judgment, Rule 1042.3 is applied as "controlling, substantive state law." *Scaramuzza v. Sciolla*, 345 F. Supp. 2d 508, 509-10 (E.D. Pa. 2004). "[A] plaintiff's failure to comply with Rule 1042.3 requires dismissal of any malpractice claim." *Bennett v. PrimeCare Medical*, Inc., 2018 WL 6072126, at *10 (M.D. Pa. Sept. 14, 2018). While the Court recognizes the difficulties inmates face in obtaining a COM, they are not excused from the requirements of Rule 1042.3.

However, "Pennsylvania practice expressly provides plaintiffs with notice of Rule 1042.3's requirements and an opportunity to cure any failure to file a certificate of merit before a matter is dismissed." *TranSystems Corp. v. Hughes Associates, Inc.*, 2014 WL 6674421, at *5 (M.D. Pa. Nov. 24, 2014). Rule 1042.6 of the Pennsylvania Rules of Civil Procedure states:

> (a) ... a defendant seeking to enter a judgment of non pros under Rule 1042.7(a) shall file a written notice of intention to file the praecipe and serve it on the party's attorney of record or on the party if unrepresented, no sooner than the thirty-first day after the filing of the complaint.

Pa. R. Civ. P. 1042.6(a). Under this rule, no judgment may be entered against a plaintiff for failure to timely file a COM unless the defendant has complied with its notice requirements.

---

from an acceptable professional standard, or . . .

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.
231 Pa. Code Rule 1042.3(a).

*Schmigel v. Uchal*, 800 F.3d 113, 124 (3d Cir. 2015) ("The condition of thirty days' notice prior to seeking dismissal of an action for failure to comply with the COM regime is substantive and must be applied in federal court."). Here, Dr. Montag provided Angle with the requisite notice of his intention to seek dismissal on September 22, 2021. ECF No. 3.

Although conceding that he has not filed a COM, Angle argues that a COM is unnecessary in this case because "treatment is clearly lacking and any layman can determine that it did not reach proper standards." ECF No. 55, ¶ 3. Angle is correct that a case of medical or other professional malpractice may be "so simple and the lack of skill or want of care is so obvious as to be within the range of ordinary experience or comprehension of even non-professional persons" and, thus, not require expert testimony. *Gindraw v. Dendler*, 967 F. Supp. 833, 837 (E.D. Pa. 1997) (quoting *Hoffman v. Mogil*, 445 Pa. Super. 252, 256–57 (1995) (quoting *Chandler v. Cook*, 438 Pa. 447, 265 A.2d 794 (1970))). *See also Hunter v. Robison*, 488 S.W.2d 555, 560 (Tex. Civ. App. 1972) (the exception applies to cases where "the negligence 'is obvious to the untrained layman, [such as leaving surgical instruments or sponges in the incision or operating on the wrong portion of the body[.]]'"). But this is not such a case. Angle's dental malpractice claim requires expert testimony to identify the applicable standard of professional case, a deviation from that standard, and causation of injury or other damages. Angle is not excused from the requirement of a COM and his failure to provide one is fatal to his dental malpractice claim.

### V.     Conclusion

For the foregoing reasons, Dr. Montag's motion for summary judgment is GRANTED. A separate order will follow.

DATED this 27th day of February, 2023.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE